IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRUSTEES OF LABORERS DISTRICT
COUNCIL AND CONTRACTORS PENSION
FUND OF OHIO,

        Plaintiffs,

   vs.                              Civil Action 2:12-CV-462
                                        Judge Economus
                                        Magistrate Judge King

EXCEL CONTRACTING, INC., *et al.*,

        Defendants.

<u>OPINION AND ORDER</u>

      This matter is before the Court on *Defendants' Motion for Leave to Amend Their Answer* ("*Defendants' Motion*"), Doc. No. 17, *Plaintiffs' Memorandum in Opposition to Defendants' Motion for Leave to Amend Their Answer* ("*Plaintiff's Response*"), Doc. No. 18, and *Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Leave to Amend Their Answer* ("*Defendants' Reply*"), Doc. No. 19.  For the reasons that follow, *Defendants' Motion* IS **DENIED**.

I.    BACKGROUND

      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq*.  Plaintiffs Trustees of Laborers District Council and Contractors Pension Fund of Ohio seek payments from defendants Excel Contracting, Inc. ("Excel") and I Construct, LLC ("I Construct") that are allegedly owed for defendants' withdrawal from a multiemployer pension plan.  *Complaint*

1

*for Withdrawal Liability* ("*Complaint*"), Doc. No. 1, at ¶¶ 1-2. Plaintiffs allege that defendants were obligated to submit contributions to plaintiffs' pension fund on behalf of participating employees and that by December 31, 2010, defendants had completely withdrawn from the pension fund. *Id*. at ¶¶ 9-11. Plaintiffs allegedly notified defendant Excel, in a letter dated March 23, 2011, of its withdrawal liability, how the liability was calculated, and Excel's payment options. *Id*., Exhibit A. Plaintiffs did not provide defendant I Construct with a similar notice of withdrawal liability, *see Plaintiff's Response*, at 5-6, and neither defendant requested arbitration. *See Defendants Excel Contracting, Inc. and I Construct, LLC's Answer to Plaintiffs' Complaint* ("*Answer*"), Doc. No. 13, at ¶ 27 (admitting plaintiffs' allegation that defendants have not submitted a demand for arbitration).

In their timely motion, *see Preliminary Pretrial Order*, Doc. No. 16, defendants seek leave to amend the *Answer* to include a seventh and eighth affirmative defense, *i.e.*, that Excel and I Construct are each "exempt from withdrawal liability under ERISA's building and construction industry exemption set forth in 29 U.S.C. [§] 1383(b)." *Defendants Excel Contracting, Inc. and I Construct, LLC's Amended Answer to Plaintiffs' Complaint* ("*Proposed Amended Answer*"), at 2, attached to *Defendants' Motion* as Exhibit A. Plaintiffs oppose *Defendants' Motion* and assert that amendment would be futile because defendants waived the § 1383(b) defense by not timely seeking arbitration. *Plaintiffs' Response*, at 4-5. Defendants assert that two exceptions to the arbitration requirement apply: first, that they are

2

permitted to bypass arbitration in order to determine whether they are an "'employer,' i.e., a control group member;" second, that arbitration was not required because their § 1383(b) defense was not available at the time arbitration should otherwise have been initiated. *Defendants' Reply*, at 3-4.

## II.  STANDARD

*Defendants' Motion* seeks to amend the *Answer* to add two affirmative defenses. *See Proposed Amended Answer*, at 2. Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. *See Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988); Fed. R. Civ. P. 8(c). An exception to this rule is found in Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend the pleadings is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment

3

could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

## III. DISCUSSION

Plaintiffs bring this action seeking amounts due upon defendants' alleged withdrawal from a multiemployer pension plan. *Complaint*, at ¶¶ 1-2. The *Complaint* specifically alleges that defendants are employers[1] subject to withdrawal liability. *Id.* ¶¶ 7, 8. The MPPAA requires "employers who withdraw, completely or partially, from a multiemployer pension plan to contribute to the plan a proportionate share of the unfunded, vested benefits." *Mason & Dixon Tank Lines, Inc. v. Cent. States, Southeast & Southwest Areas Pension Fund*, 852 F.2d 156, 158 (6th Cir. 1988). *See* 29 U.S.C. § 1381. As soon as practicable after a withdrawal, the plan sponsor must demand payment and notify the employer of the amount of the liability and the schedule for liability payments. 29 U.S.C. § 1399(b)(1). Within 90 days of receipt of the notice, the employer may request that the plan sponsor review the determination of liability and payment schedule. 29 U.S.C. § 1399(b)(2)(A). If the employer requests a review, the plan sponsor must notify the employer of its decision, the basis for the decision,

---

[1]ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." 29 U.S.C. § 1002(5). The MPPAA also specifies that "all employees of trades or businesses . . . which are under common control shall be treated as employed by a single employer . . . ." 29 U.S.C. § 1301(b)(1). "[T]he primary purpose of the common control provision is to ensure that employers will not circumvent their ERISA and MPPAA obligations by operating through separate entities." *Mason & Dixon Tank Lines, Inc. v. Cent. States, Southeast & Southwest Areas Pension Fund,* 852 F.2d 156, 159 (6th Cir. 1988).

and the reason for any changes in the liability determination or schedule of payments.  29 U.S.C. § 1399(b)(2)(B).

Following this process, "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of [Title 29] shall be resolved through arbitration."  29 U.S.C. § 1401(a)(1).  Arbitration may be initiated by either party within the time frames specified in 29 U.S.C. § 1401(a).  If no arbitration proceeding is initiated within the required time frame, "the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor."  29 U.S.C. § 1401(b)(1).  The plan sponsor may then "bring an action in a State or Federal court of competent jurisdiction for collection."  *Id*.

Plaintiffs instituted this action for collection after defendants allegedly failed to initiate arbitration within the time period specified in 29 U.S.C. § 1401(a).  *See Complaint*, at ¶¶ 9-18. Defendants now seek leave to amend their *Answer* to assert, as affirmative defenses to withdrawal liability, MPPAA's provisions addressing the building and construction industry, 29 U.S.C. § 1383(b). *Proposed Amended Answer*, at 2.

Section 1383(b) provides that complete withdrawal occurs in the building and construction industry – and withdrawal liability may therefore arise – when the employer "ceases to have an obligation to contribute under the plan" and, *inter alia*, "continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required."  29 U.S.C. § 1383(b)(2)(B)(i).  The MPPAA requires that disputes between an employer

5

and the plan sponsor of a multiemployer plan concerning a determination under sections 1381-1399 be resolved through arbitration. 29 U.S.C. § 1401(a)(1). Section 1383(b) falls within the range of provisions requiring resolution by arbitration. *See id.; Trs. of Laborers' Local 310 Pension Fund v. Able Contracting Grp., Inc.*, No. 06-1925, 2007 WL 2238361, at *7 (N.D. Ohio Aug. 1, 2007).

As noted *supra*, Defendants seek by the *Proposed Amended Answer* to assert a defense under 29 U.S.C. § 1383(b) to withdrawal liability. Although 29 U.S.C. § 1401(a)(1) requires that such a defense be arbitrated and although defendants concede that they did not pursue arbitration, *Proposed Amended Answer*, at ¶ 27 (admitting plaintiff's allegation that defendants did not submit a demand for arbitration), defendants argue that their § 1383(b) defenses are not futile because of two exceptions to the arbitration requirement. *Defendants' Reply*, at 3-4.

First, defendants contend that arbitration is not required to determine whether they are employers for purposes of § 29 U.S.C. 1401(a)(1). *Defendants' Reply*, at 3-4. Defendants have already asserted as an affirmative defense that defendant "I Construct, LLC was not a member of the same control group of Defendant Excel Contracting, Inc. on the date of Excel Contracting, Inc.'s withdrawal from the Fund." *Answer*, Doc. No. 13, at 1.[2] By their *Motion to Amend*, defendants seek to add § 1383(b) as an affirmative defense, and they argue that their failure to arbitrate that defense does not render the proposed amendment futile because they were not required to arbitrate

---

[2]The *Proposed Amended Answer* adds the language "or at any time thereafter" to this defense. *Id*. at 1.

6

the issue of whether they are employers for purposes of withdrawal liability. The United States Court of Appeals for the Sixth Circuit recognizes an exception to the mandatory arbitration requirement that "allows a company to bypass arbitration for the limited purpose of determining whether it is an 'employer' within the meaning of section 1401(a)(1)." *Mason & Dixon Tank Lines*, 852 F.2d at 167.  The court in *Mason & Dixon Tank Lines* noted that district courts may address this threshold question during the course of the litigation because only an "employer" within the meaning of § 1401(a)(1) is required to arbitrate. *Id.* (citing *Flying Tiger Line v. Teamsters Pension Trust Fund*, 830 F.2d 1241, 1249-51 (9th Cir. 1987)).

The § 1383(b) defense, however, does not address whether a party is an "employer;" § 1383(b) addresses whether an employer continues to perform work for which contributions were previously required.  *See Able Contracting Group*, 2007 WL 2238361 at *6-7.  The district courts that have addressed § 1383(b) in this context have consistently found that the defense does not fall within the exception for determining whether a party is an employer, and that disputes falling under § 1383(b) are subject to mandatory arbitration.  *See id.* ("Disputes under this section, [29 U.S.C. § 1383(b),] including whether the employer continues to perform work for which contributions were previously required (i.e., work that was covered by a collective bargaining agreement), must be resolved through arbitration."); *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 854, 874-75 (E.D. Mich. 2010) (finding that § 1383(b) disputes are subject to MPPAA's mandatory arbitration requirement);

7

*Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Parsippany Constr. Co.*, No. 08-2763, 2009 WL 1076201, at *3 (D.N.J. Apr. 21, 2009) (requiring an employer to arbitrate whether the case falls within § 1383(b)); *Trs. of Utah Carpenters' & Cement Masons' Pension Trust v. New Star/Culp LC*, No. 07-699, 2009 WL 321573, at *5 (D. Utah Feb. 9, 2009) (concluding that applicability of § 1383(b) should have been arbitrated because "an arbitrator skilled in pension and labor matters would have had superior expertise to offer . . . [a]nd this court would have undoubtedly benefitted from a thoroughly developed factual record"). The scope of withdrawal liability established by § 1383(b) – which must be arbitrated – is simply not coextensive with the issue of who qualifies as an employer – which need not be arbitrated. Defendants' attempt to conflate the two concepts will not serve to relieve them of the statutory obligation to arbitrate the § 1383(b) defense.

Defendants also argue that arbitration of their § 1383(b) defense was not required because the defense was not available during the period that arbitration should otherwise have been initiated. *Defendants' Reply*, at 3-4. As discussed *supra*, complete withdrawal occurs under § 1383(b) only when an employer in the building and construction industry "ceases to have an obligation to contribute under the plan" and "continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required." 29 U.S.C. § 1383(b)(2)(B)(i). Defendants argue they ceased doing business – and therefore would have no withdrawal liability – after the time for invoking the arbitration process had lapsed. *Defendants' Reply*, at 4. In making their

8

argument, defendants rely on *Cent. States Southeast & Southwest Areas Pension Fund v. 888 Corp.*, 813 F.2d 760 (6th Cir. 1987), and *Crown Cork & Seal Co. Inc. v. Cent. States Southeast & Southwest Areas Pension Fund*, 881 F.2d 11 (3rd Cir. 1989), for the proposition that arbitration is not required "when the defense being asserted was not available at the time of arbitration." *Defendants' Reply*, at 4.

The courts in *888 Corp.*, and *Crown Cork & Seal Co.*, both held that a specific employer's defense to withdrawal liability was not waived because the defense, which was based on § 558 of the Deficit Reduction Act of 1984, had not been created by Congress until after the deadline for requesting arbitration had passed. *See 888 Corp.*, 813 F.2d at 763-64; *Crown Cork & Seal Co.*, 881 F.2d at 16-17. *888 Corp.*, and *Crown Cork & Seal Co.*, are both exceptional cases and must be narrowly construed. *See Mason & Dixon Tank Lines*, 852 F.2d at 166-67, 166 n.11 (characterizing *888 Corp.*, as an "exceptional case" dealing with "special circumstances" and expressly reaffirming "the general rule that 'disputes under the MPPAA are normally to be resolved by the arbitral process'"). The special circumstances of *888 Corp.*, and *Crown Cork & Seal Co.*, are not present in the case presently before the Court because defendants' proposed § 1383(b) defense was created by Congress well before the events underlying this case arose.

In arguing that § 1383(b) was not available as a defense during the period for invoking the arbitration process, defendants contend that "[w]hen an employer covered by th[e] [§ 1838(b)] exemption does not continue in the industry[,] withdrawal liability never occurs." *Defendants' Reply*, at 4. This argument turns on whether defendants

9

continued to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required; essentially, the argument calls for a determintion whether and to what extent defendants may be liable for a complete withdrawal within the meaning of § 1383(b).  As discussed *supra*, such issues, *i.e.*, whether and when withdrawal occurred, must be resolved through arbitration.  *See Able Contracting Group*, 2007 WL 2238361 at *6-7 (indicating that disputes under § 1383(b) regarding whether withdrawal occurred must be resolved through arbitration).

In short, the proposed amendment to add 29 U.S.C. § 1383(b) as the seventh and eighth affirmative defenses is futile.  Any dispute between an employer and a plan sponsor of a multiemployer plan concerning withdrawal within the meaning of § 1383(b) must be resolved through arbitration.  *See* 29 U.S.C. § 1401(a)(1); *Able Contracting Group,* 2007 WL 2238361 at *6-7. Defendants did not timely request arbitration and their failure to do so precludes their pursuit of that defense in this litigation.

Accordingly, *Defendants' Motion for Leave to Amend Their Answer*, Doc. No. 17, is **DENIED**.


September 20, 2012                    *s/ Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge