IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRUSTEES OF LABORERS DISTRICT**
**COUNCIL AND CONTRACTORS PENSION**
**FUND OF OHIO,**

    **Plaintiffs,**

                          Civil Action 2:12-cv-462
  **v.**                        Judge Economus
                          Magistrate Judge King

**EXCEL CONTRACTING, INC.,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq*. Plaintiffs Trustees of Laborers District Council and Contractors Pension Fund of Ohio ("plaintiffs" or "the Fund") seek payment by defendants Excel Contracting, Inc. ("Excel") and I Construct, LLC ("I Construct") for amounts allegedly owed in connection with defendants' withdrawal from a multiemployer pension plan. Specifically, plaintiffs seek recovery of unpaid withdrawal liability, interest, liquidated damages, attorney fees, and costs.

This matter is before the Court on *Plaintiffs' Motion for Summary Judgment* ("*Motion for Summary Judgment*"), Doc. No. 32, *Defendants' Memorandum Contra Plaintiffs' Motion for Summary Judgment* ("*Defendants' Response*"), Doc. No. 38, and plaintiffs' reply, Doc. No. 41.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no

2

material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The record reflects the following uncontroverted facts. Excel and I Construct were both heavy highway contractors and employers in the State of Ohio. *Defendants Excel Contracting, Inc. and I Construct, LLC's Answer to Plaintiffs' Complaint* ("Answer"), Doc. No. 13, ¶¶ 7-8; *Kyle Massie Deposition*, Doc. No. 30, p. 20:3-10. Jerry L. Massie has owned 100 percent of Excel from December 21, 2007, to present. *Excel's Response to Interrogatories*, Doc. No. 32-1, p. 14.

I Construct was organized in 2007 by Jerry Massie's three children, Kyle Massie, Taylor Massie, and M.M., a minor. *Petition for Dissolution of Marriage*, Doc. No. 32-5; *Kyle Massie Deposition*, pp. 7-9. At that time, Kyle Massie was 20 years of age and owned 48 percent of the company, Taylor Massie was 15 years of age and owned 26 percent of the company, and M.M. was 10 years of age and owned 26 percent of the company. *Kyle Massie Deposition*, pp. 7-9. The ownership structure of I Construct has not changed since 2007. *I Construct's Response to Interrogatories*, Doc. No. 30-2, p. 23. I Construct purchased all of Excel's assets in 2009. *Kyle Massie Deposition*, pp. 20, 58-59, 121.

Excel was a party to a collective bargaining agreement requiring it to make timely reports and contributions to the Fund. Excel terminated the collective bargaining agreement effective April 30,

2010, and has not been obligated to comply with the collective bargaining agreement since May 1, 2010. *Excel's Response to Request for Admissions*, Doc. No. 32-2, pp. 3-4; *Declaration of Fred Jones, Jr.* ("*Jones Declaration*"), Doc. No. 32-3, ¶¶ 4-5. According to the terms of the agreement, plaintiffs determined Excel's withdrawal liability and notified Excel of its withdrawal liability by letter dated March 23, 2011. *Affidavit of Matthew A. Archer* ("*Archer Affidavit*"), Doc. No. 32-4, ¶ 7. Excel failed to make quarterly withdrawal liability payments on May 1, August 1, and November 1, 2011, according to the schedule set by the withdrawal liability determination. *Id*. at ¶ 13. Excel was notified on November 9, 2011, that the quarterly payments were delinquent and that the Fund would accelerate all payments if the quarterly payments were not received within sixty days. *Id*. at ¶ 15. The Fund did not receive payment by January 8, 2012, and it accelerated the entire withdrawal liability totaling $214,058.00. *Id*. at ¶¶ 16-17.

The collective bargaining agreement provides for interest to be charged on the amount in default from the date the payment was due to the date that the amount is paid at an annual rate equal to the prime rate charged by Bank One, Columbus, Ohio, on the first day of the calendar quarter preceding the due date of the payment, and for each succeeding 12-month period at the prime rate in effect on the anniversary date of the date that the initial interest rate is determined. *Id*. at ¶ 18. Bank One, Columbus, Ohio (now known as JPMorgan Chase Bank N.A.), has charged an annual prime rate of 3.25 percent from December 16, 2008, to the present. *Id*. at ¶ 1.

Accordingly, interest has accrued on the withdrawal liability from January 8, 2012 through January 7, 2014, in the amount of $14,139.87.[1] *Id*. at ¶ 20.

The collective bargaining agreement also provides for an award of attorneys' fees, costs and liquidated damages equal to the greater of the amount of interest charged on the unpaid balance or 20 percent of the unpaid award. *Id*. at ¶¶ 22-23. Liquidated damages of 20 percent of the unpaid award amounts to $45,639.57.[2] *Id*. at ¶ 23.

According to the terms of the collective bargaining agreement, Excel is liable for $214,058.00 in withdrawal liability, $14,139.87 in interest for the period January 8, 2012 through January 7, 2014, $45,639.57 in liquidated damages, attorneys' fees and costs, and interest on the unpaid balance (including accrued interest) at the prime rate in effect on January 8th of each year beginning 2014, as determined by JPMorgan Chase Bank, N.A.

I Construct is jointly and severally liable under the common control provisions of the MPPAA. Jerry Massie, the sole owner of Excel, constructively owned his children's shares of I Construct at the time of Excel's withdrawal from the collective bargaining agreement. *See* 26 U.S.C. § 1563(e)(6)(A) ("An individual shall be considered as owning stock owned, directly or indirectly, by or for his children who have not attained the age of 21 years, and, if the individual has not attained the age of 21 years, the stock owned, directly or indirectly, by or for his parents."); 26 U.S.C. §

---

[1] $6,956.89 in interest accrued from January 8, 2012 through January 7, 2013, and $7,182.98 in interest accrued from January 8, 2013 through January 7, 2014, for a total amount of $ 14,139.87.
[2] ($214,058.00 + $14,139.87) * 0.20 = $45,639.57

1563(e)(6)(B) ("An individual who owns (within the meaning of subsection (d)(2), but without regard to this subparagraph) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock in a corporation shall be considered as owning the stock in such corporation owned, directly or indirectly, by or for his parents, grandparents, grandchildren, and children who have attained the age of 21 years."). Jerry Massie effectively owned 100 percent of Excel and I Construct on the date of Excel's withdrawal from the collective bargaining agreement; Excel and I Construct are therefore under common control and treated as a single employer for purposes withdrawal liability. See 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5.

Defendants do not contest any of the foregoing facts or conclusions. Rather, defendants argue that there is a genuine issue of material fact with regard to whether I Construct "is precluded from using the building and construction industry exemption found in 29 U.S.C. § 1383(b) as a defense because I Construct because it [sic], nor Defendant [Excel] demanded arbitration under 29 U.S.C. § 1401(a)." *Defendants' Response*, p. 1. Defendants' argument is not well taken.

The building and construction industry exemption in 29 U.S.C. § 1383(b) is an affirmative defense that defendants did not assert in their *Answer*. Defendants sought leave to amend their *Answer* to assert § 1383(b) as a defense on August 24, 2012, *see* Doc. No. 16, but that motion was denied as futile. *Opinion and Order*, Doc. No. 20. Specifically, the Court found that

6

> the proposed amendment to add 29 U.S.C. § 1383(b) as the seventh and eighth affirmative defenses is futile. Any dispute between an employer and a plan sponsor of a multiemployer plan concerning withdrawal within the meaning of § 1383(b) must be resolved through arbitration. *See* 29 U.S.C. § 1401(a)(1); *Able Contracting Group,* 2007 WL 2238361 at *6-7. Defendants did not timely request arbitration and their failure to do so precludes their pursuit of that defense in this litigation.

*Id*. at p. 10. Defendants did not file objections to the order denying leave to assert § 1383(b) as an affirmative defense; *see* Fed. R. Civ. P. 72(a); defendants have not provided evidence of a timely request for arbitration; *see Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Palladium Equity Partners, LLC*, 722 F.Supp. 2d 854, 874-75 (E.D. Mich. 2010) (finding that § 1383(b) disputes are subject to MPPAA's mandatory arbitration requirement); *Trs. of Laborers' Local 310 Pension Fund v. Able Contracting Grp., Inc.*, No. 1:06cv1925, 2007 WL 2238361, at *6-7 (N.D. Ohio Aug. 1, 2007) ("Disputes under this section, [29 U.S.C. § 1383(b),] including whether the employer continues to perform work for which contributions were previously required (i.e., work that was covered by a collective bargaining agreement), must be resolved through arbitration."); and *Defendants' Response* simply makes the same arguments that were considered and rejected in ruling on defendants' motion to amend. Accordingly, for the foregoing reasons and for the reasons stated in *Opinion and Order*, Doc. No. 20, the Court finds defendants' reliance on 29 U.S.C. § 1383(b) as an affirmative defense without merit.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiffs' Motion for Summary Judgment*, Doc. No. 32, be **GRANTED**. It is **SPECIFICALLY RECOMMENDED** that plaintiffs be awarded $214,058.00 in withdrawal liability,

7

$14,139.87 in interest for the period January 8, 2012 through January 7, 2014, $45,639.57 in liquidated damages, attorneys' fees and costs, and interest on the unpaid balance (including accrued interest) at the prime rate in effect on January 8th of each year beginning 2014, as determined by JPMorgan Chase Bank, N.A.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 3, 2014                                  *s/Norah McCann King*
                                               Norah M$^{c}$Cann King
                                               United States Magistrate Judge